

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 7, 1968

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas   78711

Opinion No. M-304

Re:  Legality of acceptance of
personal bond signed by of-
ficers or others of a bank-
corporation in satisfaction
of bond security requirement
under Article 2832, V.C.S.,
and related questions.

Dear Dr. Edgar:

Quoting from your letter requesting an opinion on the above stated matter, we set out your first question as follows:

> "1.   Where a bank-corporation, as distin-
> guished from a person, pursuant to Article 2832
> is selected by an independent school district
> as its depository (treasurer), legally may the
> corporation tender and/or this Agency honor in
> satisfaction of the bond security requirement
> a <u>personal</u> bond sigued by officers of that bank
> or others as sureties?"

By its terms, Article 2832, Vernon's Civil Statutes, uses "person" and "corporation" synonymously in reference to a "treasurer" who is required to be secured by bond.  The first paragraph provides, in part:

> "In any independent district . . . . the
> <u>treasurer of the school fund shall be that
> person or corporation</u> who offers satisfactory
> bond and the best bid of interest on the aver-
> age daily balances or time deposits for the
> privilege of acting as such <u>treasurer</u>.  The
> <u>treasurer</u> when thus selected shall serve for a
> term of two (2) years and until <u>his</u> successor
> shall have been duly selected and qualified and
> he shall be required to give bond in an amount
> equal to the estimated amount of the total re-
> ceipts coming annually into <u>his</u> hands, when
> such bond is a personal bond; provided, that

> when a bond is executed by a surety company
> or is a bond other than a personal bond, such
> bond shall be in an amount equal to the highest
> daily balance for the current biennium, to be
> determined by the governing body of such school
> district . . ." (Emphasis added.)

The statutory bond thus provided for must be ". . . read, construed, and enforced in connection with, and according to, the statute pursuant to which it is given, and to be interpreted according to the purpose and meaning of the legislative enactment." 8 Am.Jur. 709, Bonds, Sec. 4.

As used above, "treasurer" includes both persons and corporations, and such treasurer may give a "personal bond" in fulfillment of the statutory requirements. Thus, a bank officer may legally give a personal bond, obligating either his own assets or those of the bank, in satisfaction of the bond requirements of Article 2832. The provisions of the statute contemplate the giving of such a "personal bond" as distinguished merely from one "other than personal," that is, a "surety bond." Either type bond is a "satisfactory bond," provided given in an amount as plainly prescribed by the statute.

Using a different approach, what is meant by "personal bond" as it is used in Article 2832? The word "personal" may include either a human individual or a corporation, a corporate entity being regarded as a person for legal purposes. 32 Words and Phrases, 307, 308, under "Person."

A "bond", in the present context, means a sworn promise in writing that, upon the failure of the treasurer to fulfill the terms of the contract undertaken, certain funds may be looked to for compensation of the school district for any damage caused by such failure of performance. 5A Words and Phrases, 121, under "Bond." Therefore, a "personal bond," as used in Article 2832 is a sworn statement in writing by a person (or persons) representing either himself or a corporation which he is authorized to contract for, that promises designated assets will be available to compensate the school district in question should the treasurer contracted with fail to properly fulfill his duties. So, the same result follows as above, that a bank officer may legally execute a personal bond in favor of the school district to secure the proper performance of duties by the treasurer of said school district.

Your second question reads:

"2. What responsibility, if any rests in
this Agency to ascertain the financial worth
of the surety(ies) signing a personal bond?"

In reference to the bond to be given, the second
paragraph of Article 2832 reads, in part, "It shall be approved
by the school board and the State Department of Education
shall be notified of the treasurer by the president of the school
board filing a copy of said bond in said department." (Emphasis
added.) This language clearly does not place any responsibility
on the Agency to ascertain the financial worth of the surety.
As no other mention is made of the Agency in Article 2832 it
is clear that no such duty is imposed by the statute.

The third question you pose is:

"3. Assuming query No. 1 is answered, Yes:
Where pursuant to Article 2786d, a school dis-
trict invests proceeds realized from sale of
school bonds in time deposits of its bank-
corporation depository which is covered only
by a personal bond, are such proceeds properly
secured and protected?"

To quote from the relevant portions of Article 2786d,
Vernon's Civil Statutes:

"From and after the effective date of this
Act, any school district within the state which
has or may have on hand any sums of money which
are proceeds received from the issue and sale of
bonds of any such school district, either before
or after the effective date of this Act, which
proceeds are not immediately needed for the pur-
poses for which such bonds were issued and sold,
may, upon order of the board of trustees of such
school district, place the proceeds of such bonds
on interest bearing time deposit, secured in the
manner provided in Article 2832, Revised Civil
Statutes, with a state or national banking
corporation within this state, or invest the
proceeds of such bonds in bonds of the United
States of America or in other obligations of
the United States of America, as may be de-
termined by the board of trustees of the school
district; . . . ." (Emphasis added.)

The article clearly provides for three alternative methods of securing such deposits, one of such alternatives being the method discussed in regard to your first question, infra. Therefore, your third question is answered in the affirmative; such deposits may be secured by a personal bond.

## S U M M A R Y

A bond signed by a bank officer, or other persons so authorized, either as an individual or authorized agent of the bank, may legally satisfy the security requirement of a personal bond under Article 2832, V.C.S. No duty evolves upon the Texas Education Agency to ascertain the financial worth of the surety on such bond, and such bond is, also, sufficient to fulfill the requirements of security for funds deposited pursuant to Article 2786d, V.C.S.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Corbusier
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Robert Crouch
Sam Kelley
Malcolm Quick
Scott Garrison
John Fainter

A. J. CARUBBI, JR.
Executive Assistant